UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL MYVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 3880 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, and Chicago Police Officer RICHARD FIORITO, Star 11624, | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants Officer Richard Fiorito ("Officer Fiorito") and the City of Chicago (the "City") (collectively "Defendants") to dismiss the complaint of Plaintiff Paul Myvett ("Myvett") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is granted.

BACKGROUND

The following well-pleaded allegations are derived from Myvett's complaint, and the Court accepts them as true for the purposes of the instant motion. At all times relevant, Officer Fiorito was employed as a patrol officer with the Chicago Police Department. He worked the midnight shift and was paid overtime for any appearance in court, which would invariably occur after the conclusion of his shift. To collect

more overtime pay, Officer Fiorito concocted a scheme in which he arrested innocent motorists for driving under the influence ("D.U.I."). Officer Fiorito falsified reports about these motorists and refused to permit them to submit to breathalyzer examinations.

On June 22, 2009, Officer Fiorito ordered Myvett to drive away from a party, after which Officer Fiorito pulled Myvett over and arrested him for D.U.I. Officer Fiorito did not allow Myvett to submit to a breathalyzer test. Myvett's prosecution lasted nearly three years until May 24, 2012, when Myvett's case was disposed of in a manner indicative of innocence.

The City suspected Officer Fiorito of misconduct related to his D.U.I. arrests. Officer Fiorito's supervisor commissioned an Internal Affairs investigation into the alleged misconduct in or about January 2008, but the investigation was either not conducted, or the results were concealed and never released to the public. The Chicago Police Department has a "code of silence," under which officers do not report the misconduct of fellow officers. The City failed to train and supervise Officer Fiorito properly in accordance with its normal policy, thus allowing him to perpetrate misconduct against Myvett and others.

On May 24, 2013, Myvett filed a three-count complaint against Defendants alleging: an infringement upon his due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1983 ("Section 1983") (Count I); a claim against the

City pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) (Count II); and a claim for malicious prosecution under Illinois law (Count III). Myvett's complaint seeks compensatory and punitive damages against Officer Fiorito, compensatory damages against the City, and attorneys' fees. On August 23, 2013, Defendants brought a motion to dismiss Myvett's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

DISCUSSION

I. Section 1983 Claims

A. Due Process

Defendants argue that: (i) there is no viable due process claim against Officer Fiorito; (ii) there is, as a result, no viable *Monell* claim against the City; and (iii) this Court should decline to exercise supplementary jurisdiction over Myvett's state law claim for malicious prosecution and dismiss it without prejudice so that it may be filed in state court. Myvett contends that Officer Fiorito violated his due process rights by: (i) failing to disclose his scheme to garner more overtime pay; and (ii) failing to disclose dashboard camera footage of Myvett's arrest. These actions, Myvett avers, violated the rule articulated in *Brady v. Maryland*, 383 U.S. 83 (1963) because Myvett would not have been prosecuted had this evidence been disclosed. Defendants contend that Myvett's due process claims constitute: (i) a false arrest claim under the Fourth Amendment; and (ii) a claim for malicious prosecution, which should be pursued in state court. The Court shall analyze the due process claims under both substantive and procedural due process.

    1. Substantive Due Process

Section 1983 does not confer substantive due process rights in and of itself, but instead provides a vehicle through which one can defend federal rights conferred elsewhere in the Constitution. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, Myvett cannot allege a violation of his substantive due process rights under the

Fourteenth Amendment when the Fourth Amendment provides a constitutional protection against arrest without probable cause. *See id.* at 273. Nor can Myvett argue that his subsequent incarceration and prosecution violated his substantive due process rights; rather, this claim is one in effect for malicious prosecution. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (case involving claim of incarceration and prosecution due to manufactured evidence). When there is a remedy under state law for malicious prosecution, a plaintiff cannot allege it as a constitutional tort. *Newsome v. McKabe*, 256 F.3d 747, 751 (7th Cir. 2001). A plaintiff cannot disguise a malicious prosecution and Fourth Amendment false arrest claim by combining them. *McCann*, 337 F.3d at 786. A claim under substantive due process thus fails.

    2.    Procedural Due Process

In order to succeed on a procedural process claim, Myvett must show a violation pursuant to *Brady*. To do so, Myvett must be able to demonstrate that Officer Fiorito "withheld information or evidence necessary for the fair and impartial trial guaranteed by the U.S. Constitution." *Ienco v. City of Chi.*, 286 F.3d 994, 998-99 (7th Cir. 2002) (citation omitted). An officer violates his duty under *Brady* when he fails to disclose material evidence favorable to the defendant. *Mosley v. City of Chi.*, 614 F.3d 391, 397 (7th Cir. 2010). This duty pertains to both impeachment and exculpatory evidence. *Id.* at 397. In order to establish a *Brady* violation, Myvett must show that: (i) the evidence at issue is favorable to him; (ii) the evidence was either not

disclosed in time for him to use it or that it was unavailable to him through the exercise of due diligence; and (iii) the evidence at issue is material. *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008). In *Carvajal*, the court expressed doubts as to whether a *Brady* claim could be sustained by a defendant who was tried and acquitted. *See id.* at 570. "The *Brady* rule is not a rule of pretrial discovery." *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011). Thus, though it has not been explicitly held that an acquitted defendant is foreclosed from pursuing a *Brady* claim, a defendant can only pursue such a claim if he did not receive the exculpatory evidence in time to make use of it in order to receive a fair trial.

In the case at bar, it is unclear whether Myvett even stood trial, as the complaint is vague about the specific manner in which his state court case was disposed of. Nowhere in the complaint, however, is it alleged that Myvett was convicted of a crime due to Officer Fiorito's misconduct. This Court therefore reads the facts to indicate that Myvett learned of Officer Fiorito's scheme and misconduct in other cases as well as the information regarding the dashboard camera footage in time to make use of it during his prosecution. Myvett thus cannot establish a violation of either his substantive or procedural due process rights, and this count is dismissed.

B.  *Monell* Claim

Myvett alleges that the City had a custom, policy, or practice of: (i) failing to train and supervise officers properly; and (ii) a code of silence by which investigations were either not conducted or whose findings were concealed, thus allowing Officer

Fiorito and other officers to perpetrate misconduct. Myvett's *Monell* claim against the City must fail because there exists no actionable constitutional violation on the part of Officer Fiorito. *See Durkin v. City of Chi.*, 341 F.3d 606, 615 (7th Cir. 2003) (no *Monell* claim against a city where there is no underlying substantive constitutional violation).

II.     State Law Malicious Prosecution Claim

The Court declines to exercise supplemental jurisdiction over Myvett's state law malicious prosecution claim. See 28 U.S.C. § 1367(c) (granting courts discretion with respect to claims brought pursuant to supplemental jurisdiction when the underlying federal claims are dismissed). As the instant litigation is in its infancy, federal judicial resources have not been greatly invested in it, so a dismissal without prejudice will not inconvenience the parties, as Myvett may refile the case in state court. *See* 28 U.S.C. § 1361(d) (tolling statute of limitations for thirty days after dismissal unless state law provides for a longer time period).

## CONCLUSION

For the foregoing reasons, Myvett's Section 1983 claims are dismissed with prejudice. Myvett's state law claim for malicious prosecution is dismissed without prejudice.

*Charles P. Kocoras*
_____
             Charles P. Kocoras
             United States District Judge

            October 31, 2013
Dated: _____